IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES T. PALADINO, | ) | |
| Petitioner, | ) | Civil Action No. 10-272 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| DEBRA SAUERS, | ) | |
| Superintendent SCI Forest, et al., | ) | |
| Respondents.[1] | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Petitioner, Charles T. Paladino, is a state prisoner currently incarcerated at the State Correctional Institution Forest ("SCI-Forest"), located in Marienville, Pennsylvania. On November 15, 2010, he filed a petition for writ of habeas corpus[2] seeking an order from this Court directing that he be released from custody. It is recommended that the petition be summarily dismissed without service because he has failed to make a facial showing that he would be entitled to the relief he seeks. See 28 U.S.C. § 2243. See also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[1] Paladino names as Respondents Debra Sauers, who is the Superintendent of SCI Forest, Faron Paramore, who is with the Secret Service, and Senator Arlen Specter. The proper respondent is Sauers, who is his current custodian. See Rule 2(a) of the Rules Governing Section 2254 Cases In the United States District Courts. See also Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

[2] Because Paladino is a state prisoner, he must pursue habeas relief under 28 U.S.C. § 2254, which confers jurisdiction on federal district courts to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001) (a state prisoner must generally seek relief via a § 2254 petition and not via a 28 U.S.C. § 2241 petition).

1

**II.   REPORT**

    **A.  Discussion**

In his petition, Paladino claims that during the years 2006-2008, a fellow inmate disclosed to him that he "and his organization [were] planning/plotting an attack upon our President Barac [sic] Obama[.]" [ECF No. 1 at ¶ 1].  Paladino notified "numerous government agencies" and "[i]n January or February 2009" he was "visited by some Secret Service agents where he was promised a release from captivity for the information [he] knew, however, the Secret Service never followed through." [Id. at ¶ 2].  As a result, he contends, he is being held "in custody [in] violation of the Constitution, law or treaties of the United States." [Id. at ¶ 4].

Even if the Court accepts as true the averments Paladino makes in the petition, he is not entitled to be released from custody.  Public records, of which this Court may take judicial notice, show that he is imprisoned at SCI Forest pursuant to sentences imposed by the Court of Common Pleas of Philadelphia County for criminal convictions received at the following docket numbers:  CP-51-CR-0800542-2006[3]; CP-51-CR-0203521-2001; CP-51-CR-0705781-2001; and CP-51-CR-1211541-2000.[4]  His aggregate minimum term of incarceration expires in November 2019 and his maximum term expires in May 2046.

---

[3]  According to the state court docket at CP-51-CR-0800542-2006, on June 27, 2008, a jury convicted Paladino of robbery, robbery of a motor vehicle, possessing an instrument of crime, and conspiracy.  On August 14, 2008, the trial court sentenced him to 7 ½ to 20 years' imprisonment for robbery, a consecutive term of 6 to 20 years' imprisonment for robbery of a motor vehicle, and a concurrent sentence of 3 to 6 years' imprisonment for conspiracy.  At the present time, Paladino's direct appeal of that judgment of sentence is pending.  See Commonwealth v. Paladino, No. 409 EDA 2010 (Pa.Super.).  In November 2009, he filed a petition for writ of habeas corpus challenging that judgment of sentence with the United States District Court for the Eastern District of Pennsylvania.  On April 9, 2010, that court dismissed Paladino's federal habeas petition without prejudice because he is currently exhausting his state court remedies.  On October 5, 2010, the Court of Appeals for the Third Circuit denied Paladino's request for a certificate of appealability.  See ECF Nos. 23, 24, 29 in Paladino v. Abraham et al., No. 2:09-cv-05041 (E.D. Pa.).

[4]  Paladino pleaded guilty to numerous theft and related counts which were filed against him in the Court of Common Pleas of Philadelphia County at CP-51-CR-0203521-2001, CP-51-CR-0705781-2001, and CP-51-CR-1211541-2000.  The trial court sentenced him to concurrent sentences which all are to be served consecutive to the much longer aggregate sentence imposed at CP-51-CR-0800542-2006.

Paladino does not attack the validity of any of the above-cited judgments of sentences.  Nor does he link his cooperation with the Secret Service agents with promises made to him during the prosecution of any of his criminal cases or prior to his sentencing in those cases.  His sole contention is that unnamed Secret Service agents promised him in February 2009 that that he would be released from prison.  At that point in time, however, Paladino had already been sentenced at docket CP-51-CR-0800542-2006 to a lengthy term of imprisonment.  Secret service agents have no authority to modify, vacate, or commute Paladino's term of imprisonment, nor can they secure his immediate release to parole, because under Pennsylvania law he is not eligible to be considered for parole until near November 2019 when his minimum term of imprisonment expires.  See 61 Pa.C.S. § 6137(a)(3) (formerly 61 P.S. § 331.21(a)).

In conclusion, the Pennsylvania Department of Corrections, and specifically the Superintendent of SCI Forest, is holding Paladino in custody pursuant to valid judgments of sentences that have not been overturned, vacated, or attacked in the instant petition.  Paladino simply does not made a facial showing of entitlement to an order directing that he be released from custody.  Therefore, the habeas petition should be dismissed.

### B.  Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473,

484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the petition should be dismissed. Accordingly, a certificate of appealability should be denied.

### III. **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the petition be dismissed without service.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

Dated: December 17, 2010              /s/ Susan Paradise Baxter
                                                     SUSAN PARADISE BAXTER
                                                     United States Magistrate Judge